UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. LANDA,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:17-cv-00581-MJS (HC)<br><br>**ORDER DISMISSING PETITION AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(ECF No. 1)**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to Magistrate Judge jurisdiction for all purposes. (ECF No. 4.)

Petitioner challenges the December 27, 2016 judgment of the Kern County Superior Court. (Pet., ECF No. 1.) In his petition, Petitioner states that his notice of appeal was rejected by the Superior Court as untimely. (Id. at 5, 8.) He indicates that he has not pursued any further appeal or petition regarding his conviction or sentence.

On May 11, 2017, the Court ordered Petitioner to show cause why the action should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 5.)

Petitioner was warned that failure to respond would result in dismissal of the petition. Petitioner filed no response and the time for doing so has passed.

**I.  Screening the Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

**II.  Exhaustion**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

The instant petition reflects that Petitioner has not presented his claims to the highest state court. He was ordered to show cause why the petition should not be dismissed for failure to exhaust, and to address whether his claims had, in fact, been

presented to the California Supreme Court. (ECF No. 5.) He failed to respond. Because the record before the Court reflects that Petitioner has not exhausted his state judicial remedies, the Court is unable to proceed to the merits of the claims. 28 U.S.C. § 2254(b)(1). The Court is required to dismiss the petition.

**III.     Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition; an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A)    the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

Reasonable jurists would not find the Court's dismissal of the petition to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition is dismissed without prejudice for failure to exhaust state judicial remedies;
2. The Court declines to issue a certificate of appealability; and
3. The Clerk of Court is directed to terminate any pending motions and close the case.

IT IS SO ORDERED.

Dated:   June 23, 2017                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

4